# EXHIBIT A

Approved, SCAO

| | | |
|---|---|---|
| | Original - Court<br>1st Copy- Defendant | 2nd Copy - Plaintiff<br>3rd Copy -Return |

| **STATE OF MICHIGAN**<br>**THIRD JUDICIAL CIRCUIT**<br>**WAYNE COUNTY** | **SUMMONS** | **CASE NO.**<br>**22-010457-NO**<br>**Hon.Charles S. Hegarty** |
|---|---|---|

Court address : 2 Woodward Ave., Detroit MI 48226                                    Court telephone no.: 313-224-5487

| Plaintiff's name(s), address(es), and telephone no(s)<br>Phifer, Ray Ann | v | Defendant's name(s), address(es), and telephone no(s).<br>The Home Depot, Inc. |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no<br><br>Carl R. Edwards 24952<br>3031 W Grand Blvd Ste 435<br>Detroit, MI 48202-3141 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or  family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving  the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving  the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035

☐ MDHHS  and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the  complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court,

where it was given case number _____ and assigned to Judge _____.

The action ☐ remains  ☐ is no longer  pending.

Summons section completed by court clerk.          **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons  and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>9/1/2022 | Expiration date*<br>12/1/2022 | Court clerk<br>Carlita McMiller |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (9/19)          **SUMMONS**          MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105



| | **SUMMONS**<br>Case No. : **22-010457-NO** |
|---|---|

## PROOF OF SERVICE

TO PROCESS SERVER:  You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons.  You must make and file your return with the court clerk.  If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐   **OFFICER CERTIFICATE** | **OR** | ☐   **AFFIDAVIT OF PROCESS SERVER** |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that:    (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult, and I am not a party or an officer of a corporate party (MCR 2.103[A]),  and that:      (notarization required) |

☐ I served personally a copy of the summons and complaint.

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____
<div style="text-align:center">List all documents served with the Summons and Complaint</div>

_____

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee<br>$ | Miles traveled<br>$ | Fee<br>$ | | Signature |
|---|---|---|---|---|
| Incorrect address fee<br>$ | Miles traveled<br>$ | Fee<br>$ | Total fee<br>$ | Name (type or print) |
| | | | | Title |

Subscribed and sworn to before me on _____ , _____ County, Michigan.
<div style="text-align:center">Date</div>

My commission expires: _____   Signature: _____
<div style="text-align:center">Date                                     Deputy court clerk/Notary public</div>

Notary public, State of Michigan, County of _____

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
<div style="text-align:right">Attachments</div>

_____ on _____
<div style="text-align:center">Day, date, time</div>

_____ on behalf of _____
Signature

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

RAY ANN PHIFER,

      Plaintiff,

                                    Case No.: 22-              NO

v.

                                      Hon.

THE HOME DEPOT, INC.,

      Defendant.

_____/

Carl R. Edwards (P24952)
Alice B. Jennings (P29064)
**EDWARDS & JENNINGS, P.C.**
Attorneys for Plaintiff
3031 West Grand Boulevard, Suite 435
Detroit, MI 48202
(313) 961-5000

ajennings@edwardsjennings.com

_____/

**There is not another action which arises out of the same transaction and occurrence as stated herein, which is presently pending or was previously filed and dismissed, transferred or otherwise disposed of after having been assigned to a judge in this court.**

## COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, RAY ANN PHIFER, by and through her attorneys, Edwards & Jennings, P.C., by Carl R. Edwards, and for her Complaint against Defendant THE HOPE DEPOT, INC., states as follows:

     1.    That the amount in controversy exceeds the sum of Twenty-Five Thousand ($25,000.00) Dollars, exclusive of costs, interest and attorney fees.

     2.    The tortious conduct complained of took place in the City of Canton, County of Wayne, State of Michigan.

22-010457-NO FILED IN MY OFFICE  Cathy M. Garrett  WAYNE COUNTY CLERK  9/1/2022 4:55 PM  Carlita McMiller

3.     Plaintiff is an adult resident of the City of Canton, County of Wayne, State of Michigan.

4.     Defendant The Home Depot, Inc. (hereinafter "Home Depot") is incorporated in the State of Delaware, whose headquarter offices are located in the City of Atlanta, State of Georgia.

5.     On or about April 24, 2022, Plaintiff Ray Ann Phifer went shopping with her nephew, Al Sadler, at Defendant Home Depot, located at 39825 Ford Rd., Canton, Michigan.

6.     That said retail establishment is held open to the public as a place to shop. Therefore, Plaintiff was a business invitee.

7.     Plaintiff Ms. Phifer, and her nephew Al Sadler, were shopping in an attempt to locate a screw so that so that Mr. Sadler could repair a door at Plaintiff's home.

8.     Plaintiff Ray Ann Phifer and her nephew, Al Sadler, were only in Defendant Home Depot for approximately five (5) to ten (10) minutes because her nephew did not find the screw that they were looking for.

9.     Plaintiff Ray Ann Phifer and her nephew Al Sadler exited Defendant Home Depot from a door that neither had entered or exited either on April 24, 2022, the date of the present incident; nor had Plaintiff, or her nephew, entered nor exited from this door at Defendant Home Depot on any other occasion that Plaintiff and her nephew had visited Defendant Home Depot's Ford Road location.

10.     Prior to April 24, 2022, the date of the present incident, Plaintiff and her nephew had last visited Defendant Home Depot store in approximately December 2021.

11.     Plaintiff and her nephew exited from Defendant Home Depot Store and walked toward her automobile which was parked in Defendant's parking lot. After walking approximately

2

twenty (20) to thirty (30) feet from the Defendant's store exit, Plaintiff tripped and fell to the pavement as she crossed Defendant Home Depot's driveway.

12.    Plaintiff's nephew and an unknown woman customer attempted to lift Ms. Phifer off the ground; however they were unsuccessful. Ms. Phifer was unable to stand following the trip and fall as she walked across Defendant's driveway.

13.    Thereafter, Plaintiff's nephew, Al Sadler, went into Home Depot and notified store employees that Ms. Phifer had suffered a trip and fall in the driveway.

14.    Plaintiff instructed her nephew, Al Sadler, to take her cell phone and telephone her son, Otis Booker. Mr. Booker arrived at the scene before Emergency Services made the location.

15.    Emergency Medical Services were called. After arriving on the incidence scene, paramedics assisted Plaintiff getting up off of the pavement, placed her on a stretcher and transported Ms. Phifer to Trinity Health Livonia Hospital Emergency Department.

16.    After the paramedics lifted Plaintiff from the ground she noticed that the pavement had small cracks which caused her to trip and fall.

17.    The cracked pavement that caused Plaintiff Ms. Phifer to trip and fall was not "open and obvious" on casual inspection because the cracks in the pavement were small and were covered and concealed by a long and wide large black line that extended across the driveway that was placed on the top of a painted white line that was on the driveway pavement surface.

18.    The day following her admission Ray Ann Phifer underwent emergency surgery to her Cervical Spine to remove Herniated Discs at levels C3-C4 and C4-C6. The Herniated Disc had compressed Ms. Phifer's spinal cord and placed Ms. Phifer in danger of paralysis.

19.     Plaintiff Ms. Phifer's April 24, 2022 trip and fall in Defendant's driveway caused her to be hospitalized for a three (3) week period.

## PREMISES LIABILITY

20.     Defendant, Home Depot owed Plaintiff Ray Ann Phifer the following duties:

    a.      The duty to maintain the driveway in a safe condition;

    b.      The duty to inspect or observe the driveway to ascertain the existence of any unsafe conditions, such as small cracks in the pavement; and

    c.      The duty to eliminate any unsafe conditions; and if unable to eliminate the unsafe conditions to warn Plaintiff so that she could take steps to protect herself.

21.     Defendant Home Depot breached its duties to Plaintiff in one or more of the following ways:

    a.      Permitted the driveway pavement to develop cracks over time that were not visible on casual inspection and created a hazard, risk and danger of any unsuspecting business visitor trip and falling;

    b.      Failed to make adequate inspections to determine the existence of unsafe conditions, specifically the existence of a customer suffering an unexpected trip and fall because of small cracks in the surface of the driveway pavement; and

    c.      Failed to post signs warning its customers, including Plaintiff, that crossing its driveway was dangerous because there were small cracks in the pavement that were not visible on casual inspection that created an immediate hazard, risk and danger due to a risk of tripping and falling.

22.     As a result of Defendant's breach of its duties owed to Plaintiff, Ms. Ray Phifer, as set forth in paragraph 21, a-c above, Plaintiff tripped on the small cracks in the pavement that were not visible on casual inspection, fell to the ground, striking her head, and suffered significant and serious bodily injuries that required emergency surgery to her Cervical Spinal Cord in order to prevent paralysis.

23.     Plaintiff's injuries include injuries to her head and skull, injuries to her neck and spinal cord in her Cervical Spine, back, leg weakness, injuries to both arms and legs and injuries to her right foot and right shoulder.

24.     A short time after Plaintiff tripped and fell on small cracks in Defendant's driveway that were not visible on casual inspection, Defendant repaired the small cracks in its driveway pavement.

25.     The cracked pavement that caused Plaintiff Ms. Phifer to trip and fall was not "open and obvious" on casual inspection because the cracks in the pavement were small and were covered and concealed by a long and wide large black line that extended across the driveway that was placed on the top of a painted white line that was on the driveway pavement surface.

26.     As a result of the injuries incurred when Plaintiff tripped and fell on the small cracks in the pavement on Defendant Home Depot's driveway that were not observable on casual inspection Plaintiff has suffered Cervical Spine injuries, pain and suffering, spinal cord surgery, physical restrictions, loss of enjoyment of life, mental anguish, and other health problems related to the injury, past and future.

27.     Further, as a result of the traumatic injuries incurred when Plaintiff tripped and fell on the small cracks in the pavement in Defendant's driveway that were not observable on casual inspection and suffered traumatic injuries while walking normally across Defendant's driveway, and watching where she was going, Plaintiff has incurred medical expenses and lost wages, and will continue to incur medical expenses and wage loss in the future.

WHEREFORE, Plaintiff Ray Ann Phifer requests all damages allowed by Michigan law against the Defendant Home Depot, Inc. in the amount to which she is found to be entitled in excess of Twenty-Five Thousand ($25,000.00) Dollars, exclusive of costs, interest and attorney

5

fees.

Respectfully submitted,

**EDWARDS & JENNINGS, P.C.**

By:   /s/ Carl R. Edwards
Carl R. Edwards (P24952)
Attorneys for Plaintiff
cedwards@edwardsjennings.com

Dated: September 1, 2022

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

RAY ANN PHIFER,

      Plaintiff,

v.

THE HOME DEPOT, INC.,

      Defendant.

Case No.: 22-      NO

Hon.

Carl R. Edwards (P24952)
Alice B. Jennings (P29064)
**EDWARDS & JENNINGS, P.C.**
Attorneys for Plaintiff
3031 West Grand Boulevard, Suite 435
Detroit, MI 48202
(313) 961-5000
cedwards@edwardsjennings.com
ajennings@edwardsjennings.com

## **DEMAND FOR JURY TRIAL**

NOW COMES Plaintiff, RAY ANN PHIFER, by and through his attorney, Carl R. Edwards, and hereby demands a Jury trial against Defendant, THE HOME DEPOT, INC., in the above matter.

Respectfully submitted,

**EDWARDS & JENNINGS, P.C.**

By:   /s/ Carl R. Edwards
      Carl R. Edwards (P24952)
      Attorney for Plaintiff
      3031 West Grand Blvd., Ste. 435
      Detroit, Michigan 48202
      (313) 961-5000

Dated: September 1, 2022

22-010457-NO FILED IN MY OFFICE    Cathy M. Garrett    WAYNE COUNTY CLERK    9/1/2022 4:55 PM    Carlita McMiller



7020 0640 0000 2216 7847

**Edwards & Jennings, P.C.**
New Center One
Suite 435
3031 West Grand Boulevard
Detroit, Michigan  48202

*Certified Mail-Return Receipt Requested*

CSC-Lawyers Incorporating Service (Company)
2900 West Road
Suite 500
East Lansing, MI  48823

**STATE OF MICHIGAN**
**IN THE CIRCUIT COURT OF WAYNE COUNTY**

RAY ANN PHIFER,

     Plaintiff,                     22-010457-NO

-vs-                             Honorable Charles S. Hegarty

HOME DEPOT U.S.A., INC.,

     Defendant.

| | |
|---|---|
| EDWARDS & JENNINGS, PC | PLUNKETT COONEY |
| CARL R. EDWARDS  (P24952) | RIDLEY S. NIMMO, II (P54783) |
| ALICE B. JENNINGS (P29064) | Attorneys for Defendant |
| Attorneys for Plaintiff | 111 E. Court Street, Suite 1B |
| 3031 West Grand Boulevard, Ste 435 | Flint, MI 48502 |
| Detroit, MI 48202 | (810) 342-7010 |
| (313) 961-5000 | (810) 232-3159 Fax |
| ajennings@edwardsjennings.com | rnimmo@plunkettcooney.com |

**<u>APPEARANCE</u>**

     PLEASE TAKE NOTICE and enter my Appearance of counsel on behalf of Defendant,

properly known as HOME DEPOT U.S.A., INC.,

                           PLUNKETT COONEY

                           /s/Ridley S. Nimmo, II
                           _____
                           RIDLEY S. NIMMO, II (P54783)
                           Attorneys for Defendant
                           111 East Court Street, Suite 1B
                           Flint, MI 48502
                           (810) 342-7010
Date:  October 10, 2022           rnimmo@plunkettcooney.com

**PROOF OF SERVICE**

Pursuant to MCR 2.107(D), the undersigned certifies that a copy/copies of the foregoing document(s) was/were served upon the interested parties/attorneys of record to the above cause at their respective business addresses as disclosed by the pleadings of record herein on October 10, 2022, by:

☐ U.S. Mail                    ☐ Hand Delivery
☐ E-Mail                       ☐ UPS Overnight Mail
☐ Facsimile                    ☒ Electronic E-Filing

Further, I declare under penalty of perjury that the statement above is true to the best of my information, knowledge and belief.

*/s/ Stephanie L. Intermaggio*

_____
Stephanie L. Intermaggio

Open.P0474.P0474.29751814-1

2

**STATE OF MICHIGAN
IN THE CIRCUIT COURT OF WAYNE COUNTY**

RAY ANN PHIFER,

     Plaintiff,                         22-010457-NO

-vs-                               Honorable Charles S. Hegarty

HOME DEPOT U.S.A., INC.,

     Defendant.

| | |
|---|---|
| EDWARDS & JENNINGS, PC | PLUNKETT COONEY |
| CARL R. EDWARDS  (P24952) | RIDLEY S. NIMMO, II (P54783) |
| ALICE B. JENNINGS (P29064) | Attorneys for Defendant |
| Attorneys for Plaintiff | 111 E. Court Street, Suite 1B |
| 3031 West Grand Boulevard, Ste 435 | Flint, MI 48502 |
| Detroit, MI 48202 | (810) 342-7010 |
| (313) 961-5000 | (810) 232-3159 Fax |
| ajennings@edwardsjennings.com | rnimmo@plunkettcooney.com |

**DEFENDANT, HOME DEPOT U.S.A., INC.'S,
ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES**

NOW COMES Defendant, properly known as HOME DEPOT U.S.A., INC., by and through its attorneys, PLUNKETT COONEY, and for its Answer to Plaintiff's Complaint and Affirmative Defenses, states as follows:

1.      In response to this paragraph, this Defendant presently lacks information or knowledge sufficient to form a belief as to the truth of these allegations and leaves Plaintiff to her strict proofs.

2.      In response to this paragraph, this Defendant presently lacks information or knowledge sufficient to form a belief as to the truth of these allegations and leaves Plaintiff to her strict proofs.

3.      In response to this paragraph, this Defendant presently lacks information or knowledge sufficient to form a belief as to the truth of these allegations and leaves Plaintiff to her strict proofs.

4.      In response to this paragraph, this Defendant properly known as Home Depot U.S.A., Inc., admits that it is a Delaware Corporation, that its principal place of business is in Atlanta, Georgia, and that it lawfully conducts business in the County of Wayne, State of Michigan.

5.      In response to this paragraph, this Defendant presently lacks information or knowledge sufficient to form a belief as to the truth of these allegations and leaves Plaintiff to her strict proofs.

6.      In response to this paragraph, this Defendant presently lacks information or knowledge sufficient to form a belief as to the truth of these allegations and leaves Plaintiff to her strict proofs.

7.      In response to this paragraph, this Defendant presently lacks information or knowledge sufficient to form a belief as to the truth of these allegations and leaves Plaintiff to her strict proofs.

8.      In response to this paragraph, this Defendant presently lacks information or knowledge sufficient to form a belief as to the truth of these allegations and leaves Plaintiff to her strict proofs.

9.      In response to this paragraph, this Defendant presently lacks information or knowledge sufficient to form a belief as to the truth of these allegations and leaves Plaintiff to her strict proofs.

10.     In response to this paragraph, this Defendant presently lacks information or knowledge sufficient to form a belief as to the truth of these allegations and leaves Plaintiff to her strict proofs.

11.     In response to this paragraph, this Defendant presently lacks information or knowledge sufficient to form a belief as to the truth of these allegations and leaves Plaintiff to her strict proofs.

12. In response to this paragraph, this Defendant presently lacks information or knowledge sufficient to form a belief as to the truth of these allegations and leaves Plaintiff to her strict proofs.

13.     In response to this paragraph, this Defendant presently lacks information or knowledge sufficient to form a belief as to the truth of these allegations and leaves Plaintiff to her strict proofs.

14.     In response to this paragraph, this Defendant presently lacks information or knowledge sufficient to form a belief as to the truth of these allegations and leaves Plaintiff to her strict proofs.

15.     In response to this paragraph, this Defendant presently lacks information or knowledge sufficient to form a belief as to the truth of these allegations and leaves Plaintiff to her strict proofs.

16.     In response to this paragraph, this Defendant presently lacks information or knowledge sufficient to form a belief as to the truth of these allegations and leaves Plaintiff to her strict proofs.

17.     In response to this paragraph, this Defendant denies the allegations contained therein as they are untrue.

18.     In response to this paragraph, this Defendant presently lacks information or knowledge sufficient to form a belief as to the truth of these allegations and leaves Plaintiff to her strict proofs.

19.     In response to this paragraph, this Defendant presently lacks information or knowledge sufficient to form a belief as to the truth of these allegations and leaves Plaintiff to her strict proofs.

### [ALLEGED] PREMISES LIABILITY

20.     In response to this paragraph, including subparagraphs (a) through (c), this Defendant objects to these allegations as they set forth conclusions of law and/or statements of duty to which no response is required in accordance with the Michigan Court Rules and law.  To the extent a response is required, this Defendant does not believe that the statements contained therein set forth either completely and/or accurately the status of the law and, lastly, this Defendant affirmatively avers that any duty otherwise owing was complied with by this Defendant.

21.     In response to this paragraph, including subparagraphs (a) through (c), this Defendant denies the allegations contained therein as they are untrue.

22.     In response to this paragraph, this Defendant denies the allegations contained therein as they are untrue.

23.     In response to this paragraph, this Defendant presently lacks information or knowledge sufficient to form a belief as to the truth of these allegations and leaves Plaintiff to her strict proofs.

24.     In response to this paragraph, this Defendant denies the allegations contained therein  in the form and manner pled as they are untrue.

25.     In response to this paragraph, this Defendant denies the allegations contained therein as they are untrue.

26.     In response to this paragraph, this Defendant denies the allegations contained therein as they are untrue.

27.     In response to this paragraph, this Defendant denies the allegations contained therein as they are untrue.

WHEREFORE, this Defendant respectfully requests this Honorable Court to enter a Judgment of No Cause for Action in its favor, with costs and attorney's fees so wrongfully sustained, and such other relief in its favor as this Court deems just and proper.

Respectfully submitted,

PLUNKETT COONEY

Date:   October 10, 2022          By:     /s/ Ridley S. Nimmo, II
                                          RIDLEY S. NIMMO, II (P54783)
                                          Attorneys for Defendant
                                          111 E. Court St., Suite 1B
                                          Flint, MI 48502
                                          (810) 342-7010   (810) 232-3159 Fax
                                          rnimmo@plunkettcooney.com

## **AFFIRMATIVE DEFENSES**

NOW COMES Defendant, properly known as Home Depot U.S.A., Inc., by and through its attorneys, Plunkett Cooney, and to set forth its Affirmative Defenses, states as follows:

1.     Defendant relies upon the open and obvious doctrine.

2.     Defendant relies upon lack of notice.

3.     Defendant relies upon the lack of proximate causation between the actions and/or inactions alleged and Plaintiff's alleged damages.

4.       Plaintiff may have been comparatively negligent and that comparative negligence may be the sole proximate cause and/or a proximate cause of Plaintiff's alleged damages.

5.       Defendant relies upon all defenses available to it consistent with the Tort Reform Legislation of 1996 including, but not necessarily limited to, the limitation of damages set forth in MCL 600.2959.

6.       Defendant relies upon the intervening and superseding causation as it relates to the acts and/or conduct of others or outside forces including weather forces, to the extent discovery reveals its applicability.

7.       Defendant raises and preserves any objections regarding insufficiency of the process issued and/or service of process, to the extent discovery reveals its applicability.

8.       Plaintiff's claims may be barred by waiver, estoppel and/or the statute of limitations and/or repose, to the extent discovery reveals its applicability.

9.       Defendant relies upon Plaintiff's failure to mitigate damages, to the extent discovery reveals its applicability.

10.      Defendant relies upon the collateral source rule, to the extent discovery reveals its applicability.

11.      This Defendant reserves the right to name further affirmative defenses in accordance with the Michigan Court Rules as discovery makes them known and/or to withdraw affirmative defenses in accordance with the Michigan Court Rules if that becomes appropriate as discovery commences.

WHEREFORE, this Defendant respectfully requests this Honorable Court to enter a Judgment of No Cause for Action in its favor, with costs and attorney's fees so wrongfully sustained, and such other relief in its favor as this Court deems just and proper.

PLUNKETT COONEY

/s/Ridley S. Nimmo, II
_____

RIDLEY S. NIMMO, II (P54783)
Attorneys for Defendant
111 East Court Street, Suite 1B
Flint, MI 48502
(810) 342-7010
rnimmo@plunkettcooney.com

Date:  October 10, 2022

<div style="border:1px solid">

**PROOF OF SERVICE**

Pursuant to MCR 2.107(D), the undersigned certifies that a copy/copies of the foregoing document(s) was/were served upon the interested parties/attorneys of record to the above cause at their respective business addresses as disclosed by the pleadings of record herein on October 10, 2022, by:

| | |
|---|---|
| ☐ U.S. Mail | ☐ Hand Delivery |
| ☐ E-Mail | ☐ UPS Overnight Mail |
| ☐ Facsimile | ☒ Electronic E-Filing |

Further, I declare under penalty of perjury that the statement above is true to the best of my information, knowledge and belief.

/s/Stephanie L. Intermaggio
_____
Stephanie L. Intermaggio

</div>

Open.P0474.P0474.29751702-1

**STATE OF MICHIGAN**
**IN THE CIRCUIT COURT OF WAYNE COUNTY**

RAY ANN PHIFER,

      Plaintiff,                         22-010457-NO

-vs-                                  Honorable Charles S. Hegarty

HOME DEPOT U.S.A., INC.,

      Defendant.

| | |
|---|---|
| EDWARDS & JENNINGS, PC | PLUNKETT COONEY |
| CARL R. EDWARDS  (P24952) | RIDLEY S. NIMMO, II (P54783) |
| ALICE B. JENNINGS (P29064) | Attorneys for Defendant |
| Attorneys for Plaintiff | 111 E. Court Street, Suite 1B |
| 3031 West Grand Boulevard, Ste 435 | Flint, MI 48502 |
| Detroit, MI 48202 | (810) 342-7010 |
| (313) 961-5000 | (810) 232-3159 Fax |
| ajennings@edwardsjennings.com | rnimmo@plunkettcooney.com |

**RELIANCE ON JURY DEMAND**

      NOW COMES Defendant, properly known as HOME DEPOT U.S.A., INC., by and through its attorneys, PLUNKETT COONEY, and hereby relies upon the jury demand previously filed by Plaintiff in the above-entitled cause of action.

                              PLUNKETT COONEY

                              /s/Ridley S. Nimmo, II

                              _____

                              RIDLEY S. NIMMO, II (P54783)
                              Attorneys for Defendant
                              111 East Court Street, Suite 1B
                              Flint, MI 48502
                              (810) 342-7010

Date:  October 10, 2022           rnimmo@plunkettcooney.com

## PROOF OF SERVICE

Pursuant to MCR 2.107(D), the undersigned certifies that a copy/copies of the foregoing document(s) was/were served upon the interested parties/attorneys of record to the above cause at their respective business addresses as disclosed by the pleadings of record herein on October 10, 2022, by:

☐ U.S. Mail                    ☐ Hand Delivery
☐ E-Mail                       ☐ UPS Overnight Mail
☐ Facsimile                    ☒ Electronic E-Filing

Further, I declare under penalty of perjury that the statement above is true to the best of my information, knowledge and belief.

*/s/ Stephanie L. Intermaggio*
_____
Stephanie L. Intermaggio

Open.P0474.P0474.29751787-1